UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Civil Action No. 8:18-CV-370[GLS/DJS] |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| 2011 Jeep Grand Cherokee | ) | |
| VIN: 1J4RR4GG9BC646138 | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT OF FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Tamara B. Thomson, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF ACTION

1) This is an action to forfeit and condemn to the use and benefit of the United States of America 2011 Jeep Grand Cherokee VIN: 1J4RR4GG9BC646138 ("defendant property") in violation of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT IN REM

2) The defendant 2011 Jeep Grand Cherokee VIN: 1J4RR4GG9BC646138 was seized from Catherine Blazer on October 9, 2017, at 38 Highland Place, Lake Placid, New York. The defendant vehicle is titled to Teddy Blazer and Catherine Blazer.

3) The defendant property is presently in the custody of the United States Marshal Service in Syracuse, New York.

## JURISDICTION AND VENUE

4) Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5) This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6) Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7) The defendant 2011 Jeep Grand Cherokee VIN: 1J4RR4GG9BC646138 is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) provides for the forfeiture of:

> all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C §§ 881 (a)(1), (a)(2), or (a)(9).

## FACTS

8) The facts alleged in this complaint are based upon information and belief, the sources of which are reports from the Drug Enforcement Administration ("DEA"), and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

9) In the fall of 2016, the Plattsburgh office of the DEA opened an investigation into the distribution of cocaine by Troy N. Delancett ("Delancett"). The investigation established that

Delancett, along with his co-conspirators, Catherine Blazer ("Blazer") and Carlo Varnado ("Varnado") were involved with a large narcotics distributions operation in the Lake Placid New York Area and the surrounding area.

10) On December 14, 2016, members of the DEA-Plattsburgh Resident Office and the New York State Police ("NYSP") met with a source of information ("SOI") in the Lake Placid, New York area. The purpose was to discuss the SOI's knowledge of drug trafficking in the area.

11) The SOI provided information on Delancett and his cocaine distribution in and around the Lake Place, New York area. The SOI stated that Delancett distributes approximately one kilogram of cocaine per month. The SOI stated that Delancett has several vehicles, four snow mobiles, watercraft, and other recreational vehicles, as well as real estate. The SOI believes that the proceeds of Delancett's narcotics sales are used to purchase the extra property and vehicles.

12) The SOI believes that Delancett has a few distributors working for him.

## 2011 Jeep Grand Cherokee VIN: 1J4RR4GG9BC646138

13) On October 4, 2017, at approximately 8:24 a.m. DEA established surveillance on Delancett. DEA agents observed Delancett operating his 2015 Chevrolet Silverado, traveling westbound on State Route 3 in Bloomingdale, New York. Delancett continued his travel to Lake Placid, in the Highland Avenue area. At approximately 5:05 p.m., agents observed Delancett operating the defendant 2011 Jeep Grand Cherokee, south on Hillcrest. Delancett traveled to Main Street and parked in the vicinity of Zig-Zags Pub.

14) At approximately 6:15 p.m. Delancett was observed driving the defendant 2011 Jeep Grand Cherokee alone and traveling north on Main Street. Delancett continued onto Barn Road. Delancett has been observed on several occasions meeting and conducting narcotics transactions on Barn Road.

15) At approximately 6:23 p.m. agents observed Delancett travel off Barn Road and turn onto Saranac Avenue. Delancett continued onto Hillcrest, traveling back to Blazer's house. At approximately 6:53 p.m. agents observed Delancett and Blazer traveling together in the defendant Jeep Grand Cherokee. Delancett and Blazer parked on Saranac Avenue in front of the Mis Amigos restaurant; the two entered the restaurant.

16) On October 9, 2017, the DEA and the United States Attorney's office applied for and were granted three search warrants by Hon. Christian F. Hummel, United States Magistrate Judge, Northern District of New York for the following residences:

    a) 17 Union Lane, #244, Bloomingdale, New York, residence of Troy N. Delancett;

    b) 38 Highland Place, Lake Placid, New York, residence of Catherine Blazer; and

    c) 3C Tanager Way, South Glens Falls, New York, residence of Carlo Varnado.

17) On October 9, 2017, the DEA with the help of local law enforcement agencies executed the search warrants.

### Execution of the Search Warrant for 38 Highland Place, Lake Placid, New York

18) On October 9, 2017, the DEA executed the search warrant at 38 Highland Place, Lake Placid, New York. The following narcotics were found:

    a) Three amounts of marijuana were seized from Blazer's bedroom:

        i) 68.1grams of marijuana in zip lock type bags;

        ii) 106.9 grams of marijuana in bags; and

        iii) 63.8 grams of marijuana in prescription bottles.

    b) Also seized from Blazer's bedroom:

        i) Cut straws/drug paraphernalia and credit cards were located inside the nightstand of Blazer's bedroom;

      ii)      Several small Ziploc type clear plastic bags were located in the medicine cabinet of the bathroom in Blazer's bedroom;

      iii)      Cut straws/drug paraphernalia was located in the vanity drawer in Blazer's bedroom;

      iv)      Drug paraphernalia located on the nightstand in Blazer's bedroom;

      v)      Inositol, a white powder supplement (and known cutting agent) was located in the closet of Blazer's bedroom; and

      vi)      Ziploc type plastic bags, with the corners cut off, were located in the medium-sized cabinet next to the closet in Blazer's bedroom.

19) DEA agents spoke with Blazer during the execution of the search warrant. Blazer stated she has been in a relationship with Delancett for approximately 8 years. Blazer explained that she kept Delancett's business records at her residence and she managed the business documents and expenditures for Delancett's construction business.

20) Blazer stated that Delancett makes approximately $5,000.00 per week from his construction business. Blazer stated that almost every month Delancett was coming up short on money owed for employees and his expenditures as she was writing his checks for the business.

21) Blazer stated that she has loaned Delancett money in the past to cover work-related expenses and Delancett was supposed to repay her. The last amount that Delancett was supposed to repay her was $4,000.00. Blazer stated that in return for doing the bookkeeping for his business, Delancett would repay her by doing construction-related projects in and around her home.

22) When agents asked if Blazer knew that Delancett sold cocaine, she initially denied any knowledge. As agents recovered items indicative of drug packaging and drug use in her residence, Blazer began to change her story and indicated that she knew Delancett was selling cocaine.

23) Blazer stated that she did not want to know what Delancett was doing, but that she did know, and had observed him using certain areas for packaging cocaine, including the area in her bedroom where some drug packaging items were located.

24) Blazer stated that she did not agree with Delancett packaging and selling cocaine, but she was in love with him and once he started using her house she did not stop him. Blazer stated she knew it was wrong but she allowed it to continue.

25) Delancett runs a business called Woodtrappings, Inc., and as noted Catherine Blazer is his girlfriend as well as his bookkeeper for the business.

26) When questioned about the defendant 2011 Jeep Grand Cherokee, Blazer stated that she would lend Delancett her vehicle a couple of times per week when he had his dump truck.

27) A second Source of Information, (hereinafter "SOI #2") was proffered in connection with the related criminal case on November 14, 2017. During the proffer, SOI #2 stated that Delancett typically made the trip to see his Albany source of supply approximately every two weeks and would take either the defendant 2011 Jeep Grand Cherokee or a vehicle belonging to another co-conspirator. SOI #2 stated that Delancett purchased the cocaine for approximately $1,500.00 per ounce from the Albany Source.

28) The "Albany Source" that SOI #2 refers to was determined to be co-conspirator Carlos Varnado.

29) During the course of this investigation, Teddy T. Blazer was never observed driving the defendant vehicle and had no obvious contact with Catherine Blazer.

## POTENTIAL CLAIMANTS

30) On December 26, 2017, the Drug Enforcement Administration received an administrative claim from Catherine K. Blazer and Teddy T. Blazer through their attorney Karl Sleight, Esq for the 2011 Jeep Grand Cherokee VIN: 1J4RR4GG9BC646138.

31) Upon information and belief, the following person/s who may claim an interest in the defendant property are not in the military service, are not infants and are not incompetent persons

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant property and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United States of America; and that the United States be granted such other and further relief as this Court may deem just and proper.

Dated: March 23, 2018

GRANT C. JAQUITH
United States Attorney

By: /s
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

## VERIFICATION

STATE OF NEW YORK     )
                      )  ss:
COUNTY OF CLINTON     )

Jaime R. Vasquez, being duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 26th day of March, 2018.

_____
Jaime R. Vasquez, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 26th day of March, 2018.

_____
Notary Public

DIANE M. MURPHY
Notary Public, State of New York
No. 01MU6081376
Qualified in Clinton County
Commission Expires October 7, 20__

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

8:18-CV-370

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

2011 Jeep Grand Cherokee
VIN: 1J4RR4GG9BC646138

**(b)** County of Residence of First Listed Plaintiff: Albany
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Clinton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tamara Thomson, Assistant U.S. Attorney (315) 448-0672
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

Attorneys (If Known)
Karl J. Sleight, Esq. 518-701-2716
Harris Beach PLLC, 677 Broadway, Suite 1101, Albany, NY 12207

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21USC 881

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE
DOCKET NUMBER

DATE: 03/26/2018

SIGNATURE OF ATTORNEY OF RECORD: s/Tamara B. Thomson

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT   Waived          APPLYING IFP          JUDGE   GLS          MAG. JUDGE   DJS